**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Albert Rubio, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23 CV 14493 |
| v. ) | |
| ) | |
| Cicero School District 99, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PARTIAL RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Defendant, CICERO SCHOOL DISTRICT 99 (the "District"), by and through its attorney, Alisha N. Chambers of the Del Galdo Law Group, LLC, and in support of its Partial Rule 12(b)(6) Motion to Dismiss, argues:

Plaintiff Albert Rubio ("Rubio"), a former custodian with the District, alleges two claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"): 1) sexual harassment (Count I); and 2) sex discrimination (Count II). *See* Dkt. No. 1. To compensate himself for the acts alleged in his Complaint, Rubio seeks not only the typical form of relief, such as back pay and front pay, but also liquidated and punitive damages. *See id.* For the reasons discussed below, Rubio has failed to plead facts to support his sex discrimination claim, has failed to demonstrate the required prerequisite to even bring his sex discrimination claim in federal court, and also seeks relief he is not even entitled to under Title VII. Therefore, these matters must be dismissed.

1

I.   *Standard of Dismissal*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. City of Boone*, Ill., 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a). But, the complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (7th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. There "must include 'enough details about the subject-matter of the case to present a story that holds together'". *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (*quoting Swanson v. Citibank, N.A.,* 614 F.3d 400, 404–05 (7th Cir.2010)).

II.   *Rubio's Mere Recitation of Boilerplate Terms for his Sex Discrimination Claim (Count II) Requires Dismissal.*

While the Seventh Circuit has held that a plaintiff alleging employment discrimination may allege the claims "quite generally," the "complaint must contain something more than a general recitation of the elements of the claim." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also Perkins v. Silverstein*, 939

2

F.2d 463, 467 (7th Cir. 1991) (finding "[i]n place of particularized factual allegations, plaintiffs assault us with general statements of the law which were lifted verbatim from federal statutes, regulations and case law dealing with employment discrimination, i.e., '*quid pro quo* harassment,' 'hostile work environment,' 'unwelcome sexual advances,'…."). In fact, in *Tamayo*, the plaintiff:

> …alleged that she is a female. She alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees. She stated her belief that she was paid less than the similarly situated male employees both "because she was a woman and because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." She further alleged that she 'has been subjected to adverse employment actions by Defendants on account of her gender," and she listed specific adverse employment actions. She stated that 'Defendants have treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff in the terms and conditions of her employment on account of Plaintiff's gender.

*See Tamayo*, 526 F.3d at 1085.

Here, Rubio's complaint alleges far less for his sex discrimination claim. All he alleges is that: 1) he met or exceeded performance expectations throughout his employment; 2) he was treated less favorably than similarly situated employees outside of his protected class; 3) that he was terminated on the basis of sex; and 4) he is a member of a protected class due to his sex. *See* Dkt. 1, ¶¶72-75. There is no discussion about any similarly situated employee who was treated more favorably than him, or sufficient facts to indicate that any such person exists. While notice pleading does not require the most specific of facts, pleading "general" claims at a base level requires something more than the bare allegation that one "was treated less favorably than similarly situated employees outside of Plaintiff's protected class".

3

*See* Dkt. 1, ¶73; *see in contrast, Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 955 (N.D. Ill. 2013) ("At this stage, Vega is allowed to plead her claims "quite generally," which she has done by arguing that non-Hispanics and males followed the exact practices she did, with Park's knowledge, but were not investigated or terminated."); *see also Clinical Wound Sols., LLC v. Northwood, Inc.*, No. 18-CV-07916, 2020 WL 2085509, at *7 (N.D. Ill. Apr. 30, 2020) ("Like Count 3, Count 4 realleges prior paragraphs of the complaint and then simply recites provisions of the statute ... As with Count 3, simply repeating the statutory language is not sufficient. *Twombly*, 550 U.S. at 555, 570.").

Importantly, Rubio alleges that he was terminated because of his sex (male), after previously pleading that he is still currently employed with the District. *See id.* at ¶12. Both cannot be true at the same time. Furthermore, the Complaint is void of any facts concerning the termination and how it could be based on sex. There are no allegations regarding the circumstances of the termination or even when it happened, thus making the Complaint insufficient on its face in terms of stating a plausible cause of action for sex discrimination as it is currently pled. Simply put, the Complaint fails to include enough details "to present a story that holds together"'. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (*quoting Swanson v. Citibank, N.A.,* 614 F.3d 400, 404–05 (7th Cir.2010)).

III. *Rubio's Failure to Satisfy Title VII's Administrative Requirements Prior to Filing the Sex Discrimination Claim (Count II) Requires its Dismissal.*

Without any facts concerning the termination, the District also believes that the sex discrimination count must be dismissed because it was never raised at the

administrative level. As a general rule, a plaintiff must file a Title VII charge of discrimination with the EEOC *before* it can file a complaint in federal district court. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (*citing Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, as well as affording some warning about the alleged conduct the employee is seeking redress for. *See id.*

The Charge is attached to the Complaint. *See* Dkt. No. 1, Exhibit A. It does not include *any* allegations about termination. And by failing to plead sufficient facts about the termination, there is no way for this Court to conclude that the termination was "reasonably related" to the actions that would have been investigated had the EEOC process continued. *See Cheek*, 31 F.3d at 500. There are simply not enough facts alleged in the Complaint for the Court to conclude that it is plausible that Rubio was terminated by the District because of his sex. As stated by the Seventh Circuit in *Cheek v. Western and Southern Life Insurance Company*, "a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination. The claims are not alike or reasonably related unless there is a factual relationship between them." *Id.* at 501 (*citing Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992) (EEOC charge and complaint not alike or reasonably related where employee complained to the EEOC of only certain episodes of

5

discrimination, and then sought judicial relief for different episodes of discrimination); *Allen v. Denver Pub. Sch. Bd.,* 928 F.2d 978, 984 (10th Cir.1991) (charge filed with EEOC of discrimination regarding 1986 disciplinary action and 1988 termination did not permit challenge to 1979 nonpromotion); *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1312 (7th Cir.1989) (claim of racial harassment not preserved when EEOC charge pertained to earlier time period, only asserted discriminatory failure to promote, and referred to different employees). For these reasons, Rubio's sex discrimination allegation must be dismissed.

IV.   *Rubio's Request for Liquidated and Punitive Damages Must be Dismissed.*

In Rubio's request for relief, he seeks multiple forms of monetary damages, including liquidated and punitive damages. *See* Dkt. No. 1, pg. 10. No such relief is warranted as liquidated damages are not available in Title VII actions and municipal entities are immune from punitive damages. *See Downey v. Comm'r of Internal Revenue*, 33 F.3d 836, 839 (7th Cir. 1994) (discussing the difference between the remedies allowed under the ADEA and Title VII "is that under the ADEA a plaintiff may often recover liquidated damages in addition to lost wages when the employer's violation of the statute has been willful."); *Haag v. Cook Cnty. Adult Prob.*, No. 17 C 05403, 2018 WL 5249228, at *5 (N.D. Ill. Oct. 22, 2018) (*citing Drase v. United States*, 866 F. Supp. 1077, 1080 (N.D. Ill. 1994) ("Liquidated damages are not available under either Title VII or the ADA"); *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 922 (N.D. Ill. 2021) (*citing Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012)) (striking the prayer for relief against the City of Chicago as "punitive damages are

6

not available under Title VII"); *see also* 42 U.S.C. § 1981a(b)(1). Therefore, these requests for relief must be dismissed.

WHEREFORE, the CICERO SCHOOL DISTRICT 99 respectfully requests that this Court dismiss Plaintiff Albert Rubio's sex discrimination claim (Count II), dismiss the request for liquidated and punitive damages, and any further relief this Court deems equitable and just.

Respectfully submitted,
CICERO SCHOOL DISTRICT 99

By: */s/ Alisha N. Chambers*

Cynthia S. Grandfield (6277559)
Alisha N. Chambers (6326696)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(312) 222-7000 (t)
grandfield@dlglawgroup.com
chambers@dlglawgroup.com

7