**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Albert Rubio, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23 CV 14493 |
| v. ) | |
| ) | |
| Cicero School District 99, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PARTIAL RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Defendant, CICERO SCHOOL DISTRICT 99 (the "District"), by and through its attorney, Alisha N. Chambers of the Del Galdo Law Group, LLC, and in support of its Partial Rule 12(b)(6) Motion to Dismiss, argues:

Plaintiff Albert Rubio ("Rubio"), a former custodian with the District, originally alleged a two count complaint against the District for sexual harassment and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* Dkt. No. 1. The District filed a partial motion to dismiss the original complaint, asserting: (1) Rubio failed to plead facts to support his sex discrimination claim; (2) Rubio failed to demonstrate the required prerequisite to even bring his sex discrimination claim in federal court; and (3) Rubio's request for liquidated and punitive damages were not available in Title VII actions. *See* Dkt. No. 9. Rubio's Amended Complaint fails to not only correct these errors, but now adds a new count for retaliation, which he was not granted leave of court to file. For many of the same

1

reasons as originally argued, the Amended Complaint must be dismissed. *See* Dkt. No. 18.[1]

I. *Standard of Dismissal*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. City of Boone*, Ill., 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a). But, the complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (7th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. There "must include 'enough details about the subject-matter of the case to present a story that holds together'". *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (*quoting Swanson v. Citibank, N.A.,* 614 F.3d 400, 404–05 (7th Cir.2010)).

---

[1] The District cites to the red-lined version of the amended complaint. The original amended complaint is Dkt. No. 16.

II. *Rubio's Mere Recitation of Boilerplate Terms for his Sex Discrimination Claim (Count II) Requires Dismissal.*

While the Seventh Circuit has held that a plaintiff alleging employment discrimination may allege the claims "quite generally," the "complaint must contain something more than a general recitation of the elements of the claim." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991) (finding "[i]n place of particularized factual allegations, plaintiffs assault us with general statements of the law which were lifted verbatim from federal statutes, regulations and case law dealing with employment discrimination, i.e., '*quid pro quo* harassment,' 'hostile work environment,' 'unwelcome sexual advances,'…."). In fact, in *Tamayo*, the plaintiff:

> …alleged that she is a female. She alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees. She stated her belief that she was paid less than the similarly situated male employees both "because she was a woman and because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." She further alleged that she 'has been subjected to adverse employment actions by Defendants on account of her gender," and she listed specific adverse employment actions. She stated that 'Defendants have treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff in the terms and conditions of her employment on account of Plaintiff's gender.

*See Tamayo*, 526 F.3d at 1085.

Here, Rubio's Amended Complaint alleges far less for his sex discrimination claim. All he alleges is that: 1) he met or exceeded performance expectations throughout his employment; 2) he was treated less favorably than similarly situated employees outside of his protected class; 3) that he was terminated on the basis of

3

sex; and 4) he is a member of a protected class due to his sex. *See* Dkt. 18, ¶¶78-81. While notice pleading does not require the most specific of facts, pleading "general" claims at a base level requires something more than the bare allegation that one "was treated less favorably than similarly situated employees outside of Plaintiff's protected class". *See* Dkt. 18, ¶ 79; *see in contrast*, *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 955 (N.D. Ill. 2013) ("At this stage, Vega is allowed to plead her claims "quite generally," which she has done by arguing that non-Hispanics and males followed the exact practices she did, with Park's knowledge, but were not investigated or terminated."); *see also Clinical Wound Sols., LLC v. Northwood, Inc.*, No. 18-CV-07916, 2020 WL 2085509, at *7 (N.D. Ill. Apr. 30, 2020) ("Like Count 3, Count 4 realleges prior paragraphs of the complaint and then simply recites provisions of the statute ... As with Count 3, simply repeating the statutory language is not sufficient. *Twombly*, 550 U.S. at 555, 570.").

The Amended Complaint provides no new facts regarding the termination. Instead, Rubio only added conclusory paragraphs, such as the allegation that his "termination was the direct result of the continuing harassment and discrimination he faced". *Id.* at ¶65. This is still insufficient to meet the required pleading standard as there is no new "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (7th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rubio fails to allege any details regarding the circumstances of the termination or even when it happened, thus making the Amended Complaint

4

insufficient on its face in terms of stating a plausible cause of action for sex discrimination as it is currently pled.

Importantly, Rubio *still* alleges in his Amended Complaint that he was terminated because of his sex (male), after previously pleading that he is still currently employed with the District. *See* Dkt. No. 18, ¶¶12, 63-65, 80. Both cannot be true at the same time. Simply put, the Amended Complaint fails to include enough details "to present a story that holds together'". *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826–27 (7th Cir. 2014) (*quoting Swanson v. Citibank, N.A.,* 614 F.3d 400, 404–05 (7th Cir.2010)). Therefore, Count II must be dismissed.

III. *Rubio's Failure to Satisfy Title VII's Administrative Requirements Prior to Filing the Sex Discrimination Claim (Count II) Requires its Dismissal.*

As there are still insufficient facts concerning Rubio's termination, the District also believes that the sex discrimination count must be dismissed because it was never raised at the administrative level. A plaintiff must file a Title VII charge of discrimination with the EEOC *before* it can file a complaint in federal district court. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (*citing Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, as well as affording some warning about the alleged conduct the employee is seeking redress for. *See id.*

The Charge filed at the EEOC fails to include factual allegations about Rubio's termination. *See* Dkt. No. 16-1. Therefore, this Court has insufficient facts to conclude

5

that the termination was "reasonably related" to the actions that would have been investigated had the EEOC process continued. *See Cheek*, 31 F.3d at 500. Again, the Amended Complaint still does not even specify when the termination occurred, so there are insufficient facts for the Court to conclude that it is plausible that Rubio was terminated by the District because of his sex. All he asserts are these new conclusory and boilerplate statements, but those new statements are simply not enough to correct the issue that was present in the original complaint. *See* Dkt. No. 18, ¶¶63-65.

As stated by the Seventh Circuit in *Cheek v. Western and Southern Life Insurance Company*, "a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination. The claims are not alike or reasonably related unless there is a factual relationship between them." *Id.* at 501 (*citing Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992) (EEOC charge and complaint not alike or reasonably related where employee complained to the EEOC of only certain episodes of discrimination, and then sought judicial relief for different episodes of discrimination); *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 984 (10th Cir.1991) (charge filed with EEOC of discrimination regarding 1986 disciplinary action and 1988 termination did not permit challenge to 1979 nonpromotion); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir.1989) (claim of racial harassment not preserved when EEOC charge pertained to earlier time period, only asserted discriminatory failure to promote, and referred to different employees). The

6

Amended Complaint does nothing to address the absence of facts to bring the termination claim within the scope of the sexual harassment claim. For these reasons, Rubio's sex discrimination allegation must be dismissed.

IV. *Rubio's Addition of a Retaliation Claim was Without Leave and Must be Dismissed (Count III).*

Rubio's Amended Complaint now seeks to hold the District liable for retaliation. *See* Dkt. No. 18, ¶¶84-93. Though the retaliation box on the EEOC Charge was checked, Rubio failed to plead a claim for retaliation within the 90-day time period after he received the notice of right to sue. *See* Dkt. Nos. 16-1 and 16-2. Retaliation "is a discrete claim, quite separate from that of the underlying discriminatory conduct". *Zakutansky v. Bionetics Corp.*, 806 F. Supp. 1362, 1365 (N.D. Ill. 1992). Simply claiming that he was retaliated against in his EEOC Complaint does not circumvent the fact that Rubio's original complaint "contained no hint of a retaliation claim at all." *Id.* at 1366. As such, it must be dismissed. *See id.*

V. *Even If the Retaliation Count Remains, Rubio Failed to Properly Plead a Retaliation Claim (Count III).*

To proceed with any Title VII retaliation claim, Rubio must allege an adverse action. *See Kuhn v. United Airlines*, 63 F. Supp. 3d 796, 802 (N.D. Ill. 2014). Rubio claims that the District "failed to conduct a prompt, thorough and objective investigation of [his] complaint of sexual harassment or sex-based discrimination." *See* Dkt. No. 18, ¶88. This is not an adverse action to support a retaliation claim. *See Kuhn*, 63 F. Supp. 3d 796 at 802-04. Therefore, to the extent this is an additional basis for Count III, it must be dismissed. The same is true for Rubio's allegation that

7

the District "failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of." *See* Dkt. No. 18, ¶89.

Furthermore, the retaliation count still fails to satisfy pleading standards. "Although a complaint need not give 'detailed factual allegations,' it must allege enough facts 'to raise a right to relief above the speculative level.'" *Etheridge v. Hudson Grp. Retail, LLC*, No. 20-CV-7204, 2022 WL 375556, at *9 (N.D. Ill. Feb. 8, 2022) (*citing Gaines*, 2021 WL 394814, at *2 (*quoting Twombly*, 550 U.S. at 555)). Rubio's transfer and termination claims must be based on "more than conclusory allegations of sex discrimination." *Id.* (*citing Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)). The mere speculation that he was transferred and/or terminated because of his reports of harassment cannot support a retaliation claim. This is particularly true as Rubio fails to specify when he was transferred or terminated, when he made reports to someone at the District, and who he made those reports to. The Amended Complaint amounts to speculation, nothing more. Therefore, Count III must be dismissed.

*VI.    Rubio's Request for Liquidated and Punitive Damages Must be Dismissed.*

The Amended Complaint requests the monetary relief of liquidated and punitive damages. *See* Dkt. No. 18, pgs. 10-11. Again, no such relief is warranted as liquidated damages are not available in Title VII actions and municipal entities are immune from punitive damages. *See Downey v. Comm'r of Internal Revenue*, 33 F.3d 836, 839 (7th Cir. 1994) (discussing the difference between the remedies allowed under the ADEA and Title VII "is that under the ADEA a plaintiff may often recover

liquidated damages in addition to lost wages when the employer's violation of the statute has been willful."); *Haag v. Cook Cnty. Adult Prob.*, No. 17 C 05403, 2018 WL 5249228, at *5 (N.D. Ill. Oct. 22, 2018) (*citing Drase v. United States*, 866 F. Supp. 1077, 1080 (N.D. Ill. 1994) ("Liquidated damages are not available under either Title VII or the ADA"); *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 922 (N.D. Ill. 2021) (*citing Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012)) (striking the prayer for relief against the City of Chicago as "punitive damages are not available under Title VII"); *see also* 42 U.S.C. § 1981a(b)(1). Therefore, these requests for relief must be dismissed.

WHEREFORE, the CICERO SCHOOL DISTRICT 99 respectfully requests that this Court dismiss Plaintiff Albert Rubio's sex discrimination claim (Count II), the retaliation claim (Count III), dismiss the request for liquidated and punitive damages, and any further relief this Court deems equitable and just.

> Respectfully submitted,
> CICERO SCHOOL DISTRICT 99
>
> By: */s/ Alisha N. Chambers*

Cynthia S. Grandfield (6277559)
Alisha N. Chambers (6326696)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(312) 222-7000 (t)
grandfield@dlglawgroup.com
chambers@dlglawgroup.com

9